JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ITPEU Pension Fund, et al. | WW Contractors, Inc. |

| (b) County of Residence of First Listed Plaintiff  Union County | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Susan A. Murray, Esq. - Freedman & Lorry, P.C. 1601 Market St., Suite 1500, Philadelphia, PA 19103 smurray@freedmanlorry.com, (215) 931-2506 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &      Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine      Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☒ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment      **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other  ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee -      Conditions of      Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 1132 and 1145

Brief description of cause:
Collection of contractually obligated contributions owed to the benefit funds

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE
10/04/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG JUDGE |
|---|---|---|---|---|

FREEDMAN AND LORRY, P.C.
BY: SUSAN A. MURRAY, ESQUIRE
(SM-7713)
1601 Market Street, 15th Floor
Philadelphia, PA 19103
(215) 931-2506                                    Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITPEU PENSION FUND, by and through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and JERRY BOWDEN 216 North Ave. East, 2nd Fl. Cranford, NJ 07016 :<br><br>and :<br><br>ITPEU HEALTH AND WELFARE FUND, by and Through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and HAROLD E. GELBER 25 Chatham Center South, Suite 100 Savannah, GA 31405 :<br>Plaintiffs, :<br><br>v. :<br><br>WW CONTRACTORS, INC. 115 W. Mulberry Street Baltimore, MD 21201 :<br>Defendant. : | CIVIL ACTION |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

## JURISDICTION

1.     This Court has jurisdiction over the subject matter of this action under LMRA 29

U.S.C. §185(a), ERISA 29 U.S.C. § 1132 and 29 U.S.C. §1145 and the pendent jurisdiction of the

Court.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3.      Venue lies in the United States District Court for the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiff, ITPEU Pension Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Jerry Bowden ("Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "Employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (2), and (3).  Dennis Arrington and Jerry Bowden are trustees and fiduciaries with respect to the Pension Fund within the meaning of 29 U.S.C. § 1002 (21).  They are authorized to bring this action on behalf of all Trustees of the Pension Fund.   The Pension Fund is administered in the District of New Jersey, at the address listed in the caption.

5.      Plaintiff, ITPEU Health and Welfare Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Harold E. Gelber ("Welfare Fund" hereinafter, with Plaintiffs collectively called the "Funds") is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "Employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), and (3).  Dennis Arrington and Harold E. Gelber are trustees and fiduciaries with respect to the Welfare Fund within the meaning of 29 U.S.C. § 1002 (21).  They are authorized to bring this action on behalf of all Trustees of the Welfare Fund.  The Welfare Fund is administered at the address listed in the caption.

6.    Defendant WW Contractors, Inc. (hereinafter referred to as the "Employer" or "Defendant") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.

## FACTS

7.    At all times relevant to this action, the Defendant was party to a collective bargaining agreement(s) with the ITPEU, OPIEU Local 4873, AFL-CIO (singly or jointly, "Labor Contract"). A true and correct copy of the Labor Contract is hereto attached as Exhibit "1."

8.    The Employer also signed or agreed to abide by the terms of the Declaration of Trust for each of the Funds as from time to time amended ("Trust Agreements"), creating the Funds, made between certain employers and employee representatives in an industry affecting interstate commerce to promote stable and peaceful labor relations.

9.    Under the Labor Contract or Trust Agreement, the Employer agreed:

(a)    To make full and timely payments on a monthly basis to the Funds;

(b)    To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

(c)    To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employer's corporate records concerning its obligations to the Funds; and

(d)    To pay interest and liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

3

10.     The Employer failed to submit contributions and remittance reports to the Pension Fund for June 2019 and July 2019. On September 3, 2019, Fund Counsel sent a demand letter to the Employer on behalf of the Pension Fund. The Employer did not respond to the letter. On September 13, 2019, Fund Counsel sent a second notice demand letter to the Employer on behalf of the Pension Fund. The Employer did not respond to the letter. A true and correct copy of the September 3, 2019 letter is hereto attached as Exhibit '2.' A true and correct copy of the September 13, 2019 letter is hereto attached as Exhibit '3.'

11.     On September 23, 2019, Fund Counsel sent a final notice demand letter on behalf of the Pension Fund. At this point, the contribution and remittance report for August 2019 was also owed. The letters demanded payment within ten days of the date of the letter. To date, the Pension Fund has not received payment of the outstanding contributions or the corresponding remittance reports. Based upon monthly contributions made in previous months, the Employer owes the Pension Fund an estimated amount of $29,100.00 in contributions for the months of June 2019, July 2019, and August 2019, plus liquidated damages, interest for this time period, and ongoing interest. A true and correct copy of the September 23, 2019 letter is hereto attached as Exhibit '4.'

12.     The Employer paid contributions to the Pension Fund late for the months of July, 2018, October 2018, December 2018, January 2019, February 2019, March 2019, and April 2019 accruing interest in the amount of $2,146.91 which is outstanding. Interest was calculated from the date payment of the contribution was due to the date of actual payment. An itemization of the accrued interest due to the Pension Fund is attached as Exhibit '5.'

13.     The Employer failed to submit contributions and remittance reports to the Welfare Fund for July 2019 and August 2019. On September 23, 2019, Fund Counsel sent a demand letter

to the Employer on behalf of the Welfare Fund.  The Employer did not respond to the letter.  To date, the Welfare Fund has not received payment of the outstanding contributions or the corresponding remittance reports.  Based upon the monthly contributions made in previous months, the Employer owes the Welfare Fund an estimated amount of $49,680.00 in contributions for the months of July 2019 and August 2019, plus liquidated damages, interest for this time period, and ongoing interest.  A true and correct copy of the September 23, 2019 letter is hereto attached as Exhibit '6.'

14.     Employer paid contributions to the Welfare Fund late for the months of February 2019, March 2019, April 2019, and May 2019 accruing interest in the amount of $2,745.61 which is outstanding.  Interest was calculated from the date payment of the contribution was due to the date of actual payment.  True and correct copies of interest letters sent to the Employer from the Welfare Fund is attached as Exhibit '7.'

**COUNT I**
**CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN**

15.     The allegations of Paragraphs 1 through 14 are incorporated by reference as if fully restated.

16.     The Employer owes the Pension Fund an estimated amount of at least $29,100.00, due under the Labor Contract in contributions.  This estimate is based upon the average monthly contribution amount.

17.     The Employer owes the Pension Fund the sum of $2,146.91 in interest demanded but not paid for the months of July 2018, October 2018, December 2018, January 2019, February 2019, March 2019, and April 2019.

18.     The Employer owes the Welfare Fund an estimated amount of at least $49,680.00, due under the Labor Contract in contributions.  This estimate is based upon the average monthly contribution amount.

19.     The Employer owes the Welfare fund the sum of $2,745.61 in interest demanded but not paid for the months of December 2018, January 2019, February 2019, March 2019, April 2019, and June 2019.

WHEREFORE, Plaintiffs ask that the Court:

(1)     Enter judgment against the Employer and in favor of the Pension Fund for at least $31,246.91 for the above stated contribution and interest and in favor of the Welfare Fund for at least $52,425.61 for the above stated contribution and interest, plus any delinquencies incurred during the pendency of this action, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment as provided in the Labor Contract or Trust Agreement.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II
## CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

20.     The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21.     The Employer has failed to pay contributions to the Funds in violation of 29 U.S.C. §1145.

22.     The Employer owes the Pension Fund at least the sum of $29,100.00 as well as the Welfare Fund at least the sum of $49,680.00 in contributions plus interest, and liquidated damages due under the Labor Contract.  This estimate is based upon the average monthly contribution

amount. In addition, Employer has failed to submit remittance reports in violation of the labor contract and trust agreements.

WHEREFORE, Plaintiffs ask that the Court:

(1)     Enter judgment against the Employer and in favor of the Pension Fund for at least $29,100.00 in contributions and in favor of the Welfare Fund for at least $49,680.00 in contributions plus any additional contributions incurred during the pendency of this action, together with interest, liquidated damages provided by the documents governing the Funds or ERISA 29 U.S.C. §1132(g)(2) and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment.

(2)     Grant such other or further relief, legal or equitable, as may be just, necessary, or appropriate.

**COUNT III**
**AUDIT**

23.     The allegations of Paragraphs 1 through 22 are incorporated by reference as if fully restated.

24.     The Employer is obligated to permit the Funds to audit the Employer's records and to cooperate in determining the contributions due the Funds.

25.     The amount of contributions the Employer is required to pay to the Funds is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

26.     The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Employer's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Employer. In addition, an audit is warranted due to the chronic late payments made by the Employer.

27.    Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually required remittance reports submitted by the employer.

28.    The Employer is required by the Labor Contract, Trust Agreements or applicable law to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds.  The Funds are seeking a compliance audit for the period of 2018 to the present due to chronic late payments.

29.    The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the Employer's failure to cooperate.

30.    All conditions precedent to equitable relief have been satisfied.

**WHEREFORE,** Plaintiffs ask that the Court:

(a)    Enjoin the Employer, the Employer's officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of <u>all</u> records under the actual or constructive control of the Employer and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and;

(b)    Grant such other or further relief, legal or equitable, as is just, necessary or appropriate.

## COUNT IV
## <u>CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT</u>

31.    The allegations of Paragraphs 1 through 30 are incorporated by reference as if fully restated.

32.    On information and belief, the Employer has failed to make contributions to the Funds as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

8

33.     On information and belief, the Funds have been damaged by the failure of the Employer to make contributions as required by its Labor Contract or Trust Agreements.

**WHEREFORE**, Plaintiffs ask that the Court:

(a)     After an audit, enter judgment against the Employer in favor of the Funds for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(b)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V
## CONTRIBUTIONS UNDER ERISA AFTER AUDIT

34.     The allegations of Paragraph 1 through 33 are incorporated by reference as if fully restated.

35.     On information and belief, the Employer has failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

36.     The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Employer's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Employer.

37.     On information and belief, the Funds have been damaged by the Employer's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(a)     After an audit, enter judgment against the Employer in favor of the Funds for contributions found due and owing by the audit, together with interest at the rate prescribed by 26

U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(b)     Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

BY: _____

SUSAN A. MURRAY, ESQUIRE
Attorneys for Plaintiffs

Date:  October 4, 2019